Marcus CONANT, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 84–3717
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 1986.

Kenneth W. Sukhia, Asst. U.S. Atty., Tallahassee, Fla., Albert M. Ferlo, Jr. and David C. Shilton, U.S. Dept. of Justice, Land and Natural Resources Div., Appellate Section, Washington, D.C., for the U.S.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

In June 1981, the United States Army Corps of Engineers (Corps) issued a cease and desist order to plaintiff Marcus Conant, ordering him to halt placing dredge and fill material into the wetlands of the Santa Fe River. Conant filed this civil suit seeking, among other things, an injunction against enforcement of the cease and desist order. Following an evidentiary hearing, the district court entered judgment against Conant. Because the district court did not err in concluding that Conant was required by the Clean Water Act (Act) to obtain a permit before discharging dredge or fill materials into navigable waters, that the wetlands in question were "navigable waters" as defined in the Act and federal regulations, and that none of the exceptions to the permit requirements apply in this case, we affirm.

The order in question applies to only one of the nine fish ponds which Conant began to construct on his land in Alachua County, Florida, in 1980. The Corps determined that the northern end of the pond lies in a wetlands area of the Santa Fe River. The vegetation in this area included bald cypress, a species indigenous to wetlands.

Plaintiff places undue reliance on the phrase "navigable water," in section 404 of the Clean Water Act of 1977, 33 U.S.C.A. § 1344, without examining its definition in the federal regulations.

The Act itself defines "navigable waters" as "the waters of the United States." "[T]he Act's definition of 'navigable waters' as 'the waters of the United States' makes it clear that the term 'navigable' as used in the Act is of limited import." *United States v. Riverside Bayview Homes, Inc.,* —— U.S. ——, ——, 106 S.Ct. 455, 461, 88 L.Ed.2d 419 (1985). Although wetlands are not specifically mentioned in the Act itself, under the authority of the Act, the Corps has promulgated regulations defining "waters of the United States" to include wetlands adjacent to tributaries to navigable waters. 33 C.F.R. § 323.2(a)(3) (1985). "Wetlands" means "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions." 33 C.F.R. § 323.2(c) (1985). "Wetlands generally include swamps, marshes, bogs and similar areas." *Id.* "Adjacent" means "bordering, contiguous, or neighboring." 33 C.F.R. § 323.2(d) (1985).

The uncontradicted testimony before the district court indicated that the area in question was an "adjacent wetland." The district court's finding to this effect was not clearly erroneous. One witness noted that the wetlands area trapped undesirable pollutants and sediments before they reached the open areas of the Santa Fe River. When the United States Supreme Court recently upheld the broad scope and remedial purposes of the Clean Water Act, the Court specifically noted that one reason wetlands are protected under the Act is because they "serve to filter and purify water draining into adjacent bodies of water." *United States v. River-*

*side Bayview Homes, Inc.,* — U.S. at —, 106 S.Ct. at 463.

■ The district court properly held that Mr. Conant did not qualify for any of the exceptions to the permit requirement. To fall within the exemption in 33 U.S.C.A. § 1344(f)(1)(A), the activity "must be part of an established (i.e., on-going) farming, silviculture, or ranching operation.... Activities which bring an area into farming, silviculture, or ranching use are not part of an established operation." 33 C.F.R. § 323.4(a)(1)(ii) (1985). Because the activity here involved construction of a fish farming operation, it does not come within this exemption.

■ Similarly, the reach of the exception in 33 U.S.C.A. § 1344(f)(1)(C) "for the purpose of construction or maintenance of farm or stock ponds" is limited by section 1344(f)(2), which provides:

> Any discharge of dredged or fill material into the navigable waters incidental to any activity having as its purpose bringing an area of the navigable waters into a use to which it was not previously subject, where the flow or circulation of navigable waters may be impaired or the reach of such waters be reduced, shall be required to have a permit under this section.

Conant's activity here involves a new use which will affect the flow of circulation within the wetlands. The plain purpose of the statute and regulations is to allow people to build ponds in connection with a previously established farming operation.

■ Although plaintiff argues that he is exempt from the requirement of a section 402 permit because the ponds produce less than 100,000 pounds of fish per year, this does not exempt him from the permit requirements of section 404 since the pond in question is located on wetlands. The district court opinion adequately points out the different purposes and enforcement procedures of sections 402 and 404.

The Corps' action in this case falls within its broad authority under the Act.

AFFIRMED.